**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| JOSEPH HOFER, on behalf of himself and others similarly situated, | ) ) ) | Case No. 1:16-cv-11391 |
| Plaintiff, | ) ) | |
| v. | ) ) | |
| GLOBAL SERVICE GROUP LLC and DOE DEFENDANT 1, | ) ) ) | **Jury Trial Demanded** |
| Defendants. | ) ) | |

**COMPLAINT
CLASS ACTION**

1.     Plaintiff Joseph Hofer alleges that defendant Global Service Group LLC ("GSG") and Doe Defendant 1, the creditor or client on whose behalf collection efforts were made, violated the Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA"), by initiating debt collection telephone calls using an automatic telephone dialing system to the cellular telephone numbers of himself and others without their prior express consent. GSG also violated the Fair Debt Collection Practices Act by willfully and repeatedly calling plaintiff to collect plaintiff's sister's alleged debt and concealing its identity.

**JURISDICTION AND VENUE**

2.     This Court has subject matter jurisdiction because this action was brought pursuant to federal law. 28 U.S.C. §§ 1331 & 1337, 47 U.S.C. § 227(b)(3), and 15 U.S.C. § 1692k.

3.     Venue in this District is proper because the defendant's headquarters are here, because the communications that are the subject of this case originated from this District, and because the Defendant transacts business here.

1

## PARTIES

4.     Plaintiff is a natural person who resides in Missouri.

5.     Plaintiff is a subscriber for his cellular telephone services for telephone number 314-xxx-5278.

6.     Defendant Global Service Group LLC is a company located in Chicago, Illinois, the principal purpose of which is to assist other companies in managing and collecting overdue accounts. *See* http://globalsvcgroup.com/. GSG is a debt collector under the FDCPA.

7.     Doe Defendant 1 is currently unknown, and will be determine through additional investigation and discovery.

## FACTUAL ALLEGATIONS

8.     In the four year period preceding the filing of this action, GSG, or some vendor on its behalf, has called plaintiff numerous times to collect a debt allegedly owed by plaintiff's sister. The alleged debt was allegedly incurred for family or household purposes.

9.     Plaintiff has no liability for any such debt.

10.     GSG has known at relevant times that Plaintiff has no liability for any such debt.

11.     GSG obtained Plaintiff's cellular telephone number through a "skip trace." GSG has known at all relevant times that it did not have consent to call plaintiff's cell phone number.

12.     GSG called plaintiff's cellular telephone using its automated dialing equipment numerous times in 2016, and before. For example, but not by limitation, GSG or some person on its behalf called plaintiff's cell phone on approximately the following dates:

    a.   11/14/2016 (two calls) – plaintiff answered two calls. There was a prerecorded message asking to speak with plaintiff's sister and suggesting that plaintiff

2

call back at 888-201-6452, and providing a reference number that plaintiff

does not remember;

11/16/2016 (three calls) – on two calls, GSG left a voice mail for plaintiff.

Plaintiff answered a third call, and heard a prerecorded message asking to

speak with plaintiff's sister and suggesting that plaintiff call back at 888-201-

6452, and providing a reference number that plaintiff does not remember;

13. One of the voice mails Plaintiff received said, in its entirety,

**Please press zero to speak to a representative, or call us at: one-space-eight-eight-eight-two-zero-one-six-four-five-two. Thank you.**

14. GSG did not properly or completely identify itself during each of its calls.

15. Plaintiff did not consent to any of the calls that are the subject of this case.

16. The illegal telephone calls made by defendant were intentionally, willfully, and knowingly initiated.

17. The telephone calls were not initiated by accident or mistake. This is not a "wrong number" case because GSG knew that it was not calling the debtor.

18. Plaintiff was substantially damaged and harmed by the violations alleged herein. Defendant's calls and collection attempts were a nuisance which briefly deprived Plaintiff of the use of his phone, invaded his personal privacy, and wasted his time. Additionally, Plaintiff incurred a reduction in his cellular battery life as a result of Defendant's calls.

## <u>CAUSES OF ACTION</u>

### COUNT ONE: TELEPHONE CONSUMER PROTECTION ACT

19. Plaintiff incorporates all other paragraphs of this complaint. This Count is against all defendants.

20.     The acts and omissions by Defendants above constitute violations of the Telephone Consumer Protection Act, 47 U.S.C. §227(b)(1)(A)(iii).

21.     For example, Defendant violated the TCPA when it used an automatic telephone dialing system to call Plaintiff's cellular telephone.

22.     Additionally, Defendant violated the TCPA by calling Plaintiff's cell phone and played prerecorded and unattended messages.

23.     As a result of Defendant's actions, Plaintiff is entitled to an award of actual damages or $500.00, whichever is greater, for each such violation and an injunction prohibiting future conduct in violation of the TCPA.

24.     Defendant's violations were committed willfully and knowingly. Defendant knew that it did not have Plaintiff's consent to call, and knew that the TCPA prohibited its prerecorded and autodialed calls, but made the calls to Plaintiff in spite of this.

25.     An injunction is necessary to force compliance, as is demonstrated by the fact that Defendant's policy is to make calls to loan references; a systematic and clear violation of the TCPA.

## CLASS ALLEGATIONS

26.     Plaintiff brings Count I on behalf of a class, defined as:

All persons whose cell phone, on or after a date four years prior to the filing of this action, GSG called using an unattended message with respect to the alleged debt of another. Excluded is any person who provided his number to either defendant.

27.     The class is so numerous that joinder of all members is impractical. Upon information and belief, Plaintiff alleges that there are more than 40 members of the class.

28.     There are questions of law and fact common to the class which predominate any questions affecting an individual class member. The predominant common questions include:

4

a. Whether these calls were made using an automatic telephone dialing system as is used in the TCPA and applicable FCC regulations and orders;

b. Whether these calls used an "artificial or prerecorded voice" as used in the TCPA and applicable FCC regulations and orders;

c. Damages, including whether the violations were negligent, willful or knowing.

29. Plaintiff will fairly and adequately protect the interests of the class. Plaintiff has retained counsel experienced in handling class actions and claims involving unlawful business practices. Neither Plaintiff nor Plaintiff's counsel have any interests which might cause them not to vigorously pursue this action.

30. A class action is an appropriate method for the fair and efficient adjudication of this controversy. The interest of class members in individually controlling the prosecution of separate claims is small because it is not economically feasible to bring individual actions.

31. Management of this class action is likely to present significantly fewer difficulties than those presented in many class actions, e.g., for securities fraud.

32. Class action treatment is superior to the alternatives for the fair and efficient adjudication of the controversy alleged herein. Such treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the duplication of effort and expense that numerous individual actions would entail.

33. Defendants have acted on grounds generally applicable to the class, thereby making relief appropriate with respect to the class as a whole. Prosecution of separate actions by individual members of the class, should they realize their rights have been violated, would likely

create the risk of inconsistent or varying adjudications with respect to individual members of the class that would establish incompatible standards of conduct.

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of plaintiff and against defendants, and each of them, for:

A.     Statutory damages of $500 per violation, and up to $1,500 per violation if proven to be willful;

B.     An injunction against further violations to plaintiff, and to the class;

C.     An injunction against defendant making autodialed or prerecorded calls to phone numbers obtained through "investigations" and/or skip tracing in the future, and requiring that Defendant hire a court-approved third-party auditor it its own expense to ensure compliance with the above injunction, for a period of at least five years.

D.     A declaration that the equipment and messages to plaintiff are regulated by the TCPA;

E.     An order certifying this action as a class action;

F.     Costs of suit, and attorney's fees, as permitted by law; and

G.     Any other relief the Court finds proper.

### COUNT TWO: FAIR DEBT COLLECTION PRACTICES ACT

34.     Plaintiff incorporates all paragraphs of this Complaint. This Count is against GSG, only.

35.     The Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.*, prohibits unfair acts and omissions in connection with collection of a debt.

36.     Defendant's actions and omissions as described above violate the FDCPA.

37.     For example, it was a violation of the FDCPA for GSG not to adequately identify itself in its voice mails and calls to plaintiff.

38.     Plaintiff was damaged by these violations. Aside from the fact that the calls continued, Plaintiff was effectively prevented from sending defendant a written cease and desist, or otherwise hold Defendant accountable for its actions.

39.     Defendant's actions and omissions as described above are otherwise deceptive, unfair, and constitute violations of the FDCPA.

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of himself and against Defendant, as follows:

A.      Statutory and actual damages under the FDCPA;

B.      Costs of suit, and attorney's fees; and

C.      Any other relief the Court finds proper.

**<u>Jury Demand</u>**

Plaintiff herein demands a trial by jury on all issues so triable.


Dated: December 15, 2016                    JOSEPH HOFER on behalf of himself
                                            and others similarly situated

                                            By: /s/ Alexander H. Burke



Alexander H. Burke
BURKE LAW OFFICES, LLC
155 N. Michigan Ave., Suite 9020
Chicago, IL 60601
Telephone: (312) 729-5288
Facsimile: (312) 729-5289
aburke@burkelawllc.com
www.burkelawllc.com

Robert T. Healey
HEALEY LAW, LLC
640 Cepi, Suite A
Chesterfield, MO 63005
Telephone:  (314) 401-3261
Facsimile: (636) 590-2882
bob@healeylawllc.com
www.healeylawllc.com

ATTORNEYS FOR PLAINTIFF

### Document Preservation Request

Plaintiff requests that defendants please preserve all records relating to any policy, practice or procedure concerning the allegations above, as well as all documents and data concerning its interactions with plaintiff. Defendants are directed to prevent alteration, archiving or other tampering with these and any other documents or data that may have relevance to this action.

/s/ Alexander H. Burke